## MYERS v. DRESDEN.

**Slander:** BURDEN OF PROOF. If slanderous words, which impute a criminal offense, are not so understood by their hearers, the speaker is not liable for their utterance; but the burden of proof rests upon him to establish that fact.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, JUNE 17.

THIS is an action for the recovery of damages of defendant for falsely and maliciously declaring, in the presence and hear-

ing of divers persons, "That plaintiff, Henry Myers, was a thief, that Henry Myers, plaintiff, had stolen a load of lumber from his, (defendant's) farm."

The answer denies all the allegations of the petition. The defendant for further answer alleges that in the month of October, 1872, he was the owner of a farm in Cedar county, in the vicinity of the residence of plaintiff; that about the 10th day of October, 1872, the plaintiff did willfully and maliciously enter, and make willful trespass upon said premises, and pull down and take away one corn crib and other lumber, belonging to the defendant of the value of $50.00, in which plaintiff had no right or interest. That about the 15th of November, 1873, the defendant had a conversation with the plaintiff, at the town of Wheatland, in the presence of Henry Guth and others, about said trespass; and whatever was said by the defendant, was said concerning the plaintiff, in relation to the said transaction of malicious trespass, and nothing more.

The defendant by way of counter-claim prays judgment against plaintiff, for one hundred dollars, on account of the trespass above set out.

There was a jury trial, and a verdict and judgment for plaintiff for $80.00. The defendant appeals.

*J. Stine*, for appellant.

*Foster & Bice* and *Flint & Darling*, for appellee.

DAY, J.—The speaking of the words charged was proved substantially as alleged.

The court correctly instructed the jury that: "Though the words proven to have been spoken did, in and of themselves, impute and charge a criminal offense, yet if the words were not so understood by those who heard them, the defendant would not be liable, but the burden of proving that the words were not so understood, is upon the defendant. The presumption being that the words were understood to charge the offense they designate."

No objection was made to the charge of the court. The only point insisted on is that the verdict is not sustained by sufficient evidence, and that it is contrary to the instructions. It is urged that the jury should have found from the evidence that the words spoken had reference simply to the tearing down, and carrying away of defendant's corn crib, and hence simply imputed a trespass, and that they must have been so understood by the hearers. And it is contended that the contrary finding of the jury is without support in the evidence. It is true, the jury might, from the evidence, have found the fact to be as claimed by appellant, and it may be that such a finding, as we now view the evidence, would have been more in consonance with all the facts and circumstances proved, and better supported by the evidence. Yet we cannot hold that the opposite finding of the jury is not supported by the evidence, or is so opposed to the weight of the evidence, as to justify us in setting it aside. To justify our interference with the verdict of a jury, our minds should be brought irresistibly to the conclusion that the verdict was not the result of a free, sound and unbiassed exercise of judgment on the part of the jury, and that manifest injustice would result if the verdict is permitted to stand. No such state of mind is produced by a review of the evidence in this case.

AFFIRMED.